IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANDRA M. CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO.: _____ |
| THE HARTFORD FIRE INSURANCE ) | |
| CO., ) | |
| ) | |
| ) | |
| Defendant. ) | JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Sandra M. Carter, by and through undersigned counsel, and files this, her Complaint for Damages, and shows this Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's discriminatory employment practices after Defendant's intentional discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. §§ 2000e et seq., ("Title VII") and the Civil Rights Act of 1866, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981 ("1981").

## JURISDICTION AND VENUE

3.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331.

4.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## PARTIES

5.

Plaintiff is an African-American female citizen of the State of Georgia, and is subject to the jurisdiction of this Court.

6.

Defendant The Hartford Fire Insurance Co. is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District.

7.

Defendant The Hartford Fire Insurance Co. may be served with process by delivering a copy of the summons and complaint to its registered agent,

Corporation Service Company, 40 Technology Parkway, Suite 300, Norcross, Georgia 30092.

## ADMINISTRATIVE PROCEDURES

8.

Plaintiff timely filed a charge of discrimination against Defendant The Hartford Fire Insurance Co. with the Equal Employment Opportunity Commission (EEOC).

9.

The EEOC issued a "Notice of Right to Sue" on August 23, 2011, entitling an action to be commenced within ninety (90) days of receipt of that notice.

10.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

11.

Defendant The Hartford Fire Insurance Co. is now, and at all times relevant hereto, has been in an industry affecting commerce and has employed more than the requisite number of employees for the requisite duration within the meaning of 42 U.S.C. § 2000e.

12.

Plaintiff, an African-American, began working as a Senior Ability Analyst for Defendant on or about July 19, 2004.

13.

In October 2007, Plaintiff filed an EEOC charge regarding disparate treatment of African-Americans with regard to opportunities for advancement within the company.

14.

In January 2008, Plaintiff provided a written statement to Defendant with specific details of the alleged discrimination.

15.

One of Plaintiff's allegations stated that African-Americans in the Intake department were treated more harshly than other ethnic groups in the department with regard to enforcement of the attendance policy and that Plaintiff specifically was treated more harshly than her Caucasian peers.

16.

Another of Plaintiff's allegations was regarding changes in incoming call volume that Plaintiff alleged directly caused a loss in bonus and advancement opportunities.

17.

On August 5, 2009, Plaintiff received a final written warning from Supervisor Dottie Tieslau.

18.

On August 11, 2009, Plaintiff filed an EEOC charge alleging discrimination based on her race and in retaliation for her original charge filed in 2007.

## CAUSES OF ACTION

### Violation of Title VII

25.

Plaintiff is an African-American female and during her employment with Defendant was a member of a class protected under Title VII against race based discrimination.

26.

At all relevant times, Plaintiff fully, adequately and completely performed all of the functions, duties and responsibilities of her employment with Defendant.

27.

Plaintiff was treated differently than her non African-American co-workers.

28.

As a result of Defendant's policies and practices, Plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of her race.

29.

As a further result of Defendant's above stated actions, Plaintiff has been, is being and will be deprived of income in the form of wages, prospective benefits, promotion opportunities and job assignments due to her as an employee, but denied because of her race and in an amount to be proven at trial.

**Violation of 42 U.S.C. Section 1981**

30.

Plaintiff was employed by Defendant, which employment was contractual as that term is used in 42 U.S.C. § 1981.  Defendant, acting under color of law, discriminated against Plaintiff on the basis of race.

31.

As a result of the Defendant's misconduct, Plaintiff has suffered mental and emotional distress including grief, shame, humiliation, embarrassment, anger, worry and disappointment.

32.

The actions of Defendant were willful, wanton, and intentionally directed to harm the Plaintiff.

33.

Defendant's actions were reckless and taken in willful disregard of the probable consequences of their actions.

## Retaliation

34.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct including, *inter alia*, writing up Plaintiff after she filed an EEOC charge and a written complaint alleging discriminatory employment practices.

35.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

36.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

WHEREFORE, Plaintiff demands judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's retaliatory acts;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted, this 21st day of November, 2011.

**THE SHARMAN LAW FIRM LLC**

/s/ Paul J. Sharman
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 242-5297
Email: paul@sharman-law.com

Counsel for Plaintiff